Charles L. Post, State Bar No. 160443
Lukas J. Clary, State Bar No. 251519
**weintraub tobin chediak coleman grodin**
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, California  95814
Telephone:     916/558-6000
Facsimile:      916/446-1611
Email: cpost@weintraub.com
             lclary@weintraub.com

Attorneys for Plaintiff
California Restaurant Association

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION, a California nonprofit mutual benefit corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>CITY OF EMERYVILLE, a California municipal corporation,<br><br>             Defendant. | **Case No. 3:16-cv-06660-JST**<br><br>**NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO EXTEND THE PAGE LIMIT FOR CALIFORNIA RESTAURANT ASSOCIATION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION PER LOCAL RULE 7-11** |

To the Court and all counsel of record:

### NOTICE OF MOTION

Plaintiff California Restaurant Association ("Plaintiff") hereby removes for administrative relief to exceed the page limits on the motion for preliminary injunction that it intends to file to be heard on February 23, 2017.  This motion is based upon Local Rule 7-11, the attached points and authorities, the concurrently-filed stipulation between counsel per Local Rule 7-12, and the files and records in this case.

///

///

**POINTS AND AUTHORITIES**

Under the Court's Local Rules, a motion to exceed briefing page limits is an "administrative" motion regarding matters not otherwise governed by federal or state law or local rules. USDC Local Civil Rules, Rule 7-11. Accordingly, the Court may enter an order extending the page limits set forth in Local Rule 7-4(b) upon a proper showing of the reasons supporting the motion. USDC Local Civil Rules, Rule 7-11. Such a request must be accompanied by a stipulation between the parties where it is possible to obtain one. USDC Local Civil Rules, Rules 7-11, 7-12.

The present action seeks declaratory and injunctive relief as to the legality of a city ordinance enacted by Defendant City of Emeryville ("Defendant"). Plaintiff represents restaurants and similar foodservice establishments throughout California, including members who conduct business within Defendant's city limits. Plaintiff brings this action on behalf of its Emeryville-based members. Emeryville Municipal Code section 5-37.04 (the "Ordinance") regulates mandatory service charges imposed by hospitality employers on their customers. The Ordinance requires hospitality employers, including Plaintiff's Emeryville members, to turn over any mandatory service charges in their entirety to those non-managerial employees who provide service to the restaurant's customers. By this action, Plaintiff seeks a judgment declaring the Ordinance unlawful and invalid, and enjoining Defendant from enforcing it. Plaintiff intends to bring an initial motion for preliminary injunction and has stipulated with Defendant that the motion will be heard simultaneously with Defendant's anticipated motion to dismiss. (*See* concurrently-filed Rule 7-12 Stipulation.)

Plaintiff's First Cause of Action alleges that, by taking property long-defined as belonging to an employer—mandatory service charges—and transmuting it into employee property, the Ordinance effects an unconstitutional taking of private property in violation of the Fifth Amendment to the United States Constitution and Article I, Section 19 of the California Constitution. Plaintiff's Second Cause of Action alleges that, by restricting the manner in which hospitality employers communicate their pricing options to customers, the Ordinance imposes an unlawful restriction on free speech in violation of the First Amendment to the United States

Constitution and Article I, Section 2 of the California Constitution. Plaintiff's Third Cause of Action alleges that, by irrationally singling out only those businesses it defines as "Hospitality Employers," while exempting all other businesses that may impose service charges, the Ordinance violates the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution. Plaintiff's Fourth Cause of Action alleges that the Ordinance is preempted by both state and federal tax and labor laws that define such service charges as employer property, rather than employee property.

Here, there is good cause to extend the page limit on Plaintiff's preliminary injunction motion. This case involves several independent causes of action, each of which involves numerous complex and novel legal issues. Each cause of action invokes constitutional challenges, including challenges under the First (Free Speech), Fifth (Takings), and Fourteenth (Equal Protection) Amendments and Article VI, Clause 2 (Supremacy) of the United States Constitution, along with similar claims invoking the California Constitution. Thus, more than 25 pages are needed for the moving and opposition papers to fully address each cause of action. Defendant has stipulated to the increased page limit and Plaintiff does not oppose a reciprocal page limit on Defendant's opposition brief.

Based on the foregoing, Plaintiff requests that the Court grant this motion. Specifically, Plaintiff requests that the Court enter an order on the concurrently filed Rule 7-12 Stipulation and Proposed Order providing that: (1) Plaintiff may file a memorandum of points and authorities up to 40 pages in support of its motion for preliminary injunction; and (2) Defendant may file a memorandum of points and authorities up to 40 pages in opposition to Plaintiff's motion for preliminary injunction.

Dated: January 10, 2017

**weintraub tobin** chediak coleman grodin
law corporation

By:  /s/ Lukas J. Clary
 Charles L. Post
 Lukas J. Clary

Attorneys for Plaintiff
California Restaurant Association