| | |
|---|---|
| J. Leah Castella (SBN 205990)<br>E-mail: lcastella@bwslaw.com<br>Benjamin L. Stock (SBN 208774)<br>E-mail: bstock@bwslaw.com<br>BURKE, WILLIAMS & SORENSEN, LLP<br>1901 Harrison Street, Suite 900<br>Oakland, CA 94612-3501<br>Tel: 510.273.8780  Fax: 510.839.9104<br><br>Attorneys for Defendant<br>CITY OF EMERYVILLE | FILING FEE EXEMPT PURSUANT TO<br>GOVERNMENT CODE § 6103 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA RESTAURANT ASSOCIATION, a California nonprofit mutual benefit corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY OF EMERYVILLE, a California municipal corporation,<br><br>　　　　　Defendant. | Case No. 3:16-cv-06660-JST<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT CITY OF EMERYVILLE TO DISMISS PLAINTIFF CALIFORNIA RESTAURANT ASSOCIATION'S COMPLAINT**<br><br>**Date:　　March 9, 2017**<br>**Time:　　2:00 p.m.**<br>**Place:　　Courtroom 9 – 19th Floor** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 9, 2017 at 2:00 p.m. or as soon thereafter as the matter may be heard before the Honorable JON S. TIGAR in Courtroom 9 of the United States District Court, 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, Defendant CITY OF EMERYVILLE ("Emeryville") will and hereby does move the Court to Dismiss the Complaint for Violation of Federal Civil Rights Under 42 U.S.C. § 1983 and California State Law (Cal. Gov't Code § 65863, Declaratory and Injunctive Relief ("Complaint") of Plaintiff CALIFORNIA RESTAURANT ASSOCIATION ("CRA"). This Motion is made under rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

///

///

As to **Count One** (violation of the federal Taking Clause of the Fifth Amendment to the U.S. Constitution by unconstitutional physical taking, unconstitutional condition, and taking for private use):

    1. CRA's claim that Emeryville Municipal Code § 5-37-04 ("the Service Charge Requirement) is barred by the doctrines of standing and exhaustion.

    2. CRA's members have no compensable property interest in the funds they collect as service charges.

As to **Count Two** (alleged violation of the First Amendment to the U.S. Constitution and Article I, Section 2 of the California Constitution):

    1. The Service Charge Requirement regulates conduct and not speech.

    2. In the alternative, the Service Charge Requirement is a constitutional limit on commercial speech under *Central Hudson Gas & Electric Corp. v. Public Service Commission*, 447 U.S. 557 (1980).

As to **Count Three** (alleged violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7 of the California Constitution):

    1. The Service Charge Requirement is supported by a rational basis and furthers Emeryville's interests.

As to **Count Four** (alleged violation of the Supremacy Clause of the U.S. Constitution and Preemption of State Law):

    1. The Service Charge Requirement is not preempted by the FLSA.

    2. The Service Charge Requirement is not preempted by federal tax law.

    3. The Service Charge Requirement is not preempted by California labor law.

    4. The Service Charge Requirement is not preempted by California tax law.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, and the Appendix of Non-Federal Authorities filed and served herewith, and any and all pleadings and papers on file in this action,

///

///

oral argument and upon such other matters as may be presented to the Court at the time of hearing.

Dated: January 31, 2017				BURKE, WILLIAMS & SORENSEN, LLP


By: */s/ J. Leah Castella*
  J. Leah Castella
  Benjamin L. Stock
  Attorneys for Defendant
  CITY OF EMERYVILLE